OPINION *Page 2 
{¶ 1} Defendant-appellant Kendall C. Shepherd ("Shepherd") brings this appeal from the judgment of the Court of Common Pleas of Seneca County finding him guilty of burglary.
 {¶ 2} On November 16, 2006, Shepherd entered the home of the victim and left a note for his girlfriend. The victim was told about the note, called Shepherd, and a verbal dispute in which threats were made by the victim occurred. Later, Shepherd went to the home of the victim, entered the home, and began striking the victim. The police were called and Shepherd was subsequently arrested.
 {¶ 3} On December 20, 2006, Shepherd was indicted on one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree. A jury trial was held on May 8, 2007. The jury returned a verdict of guilty to the burglary charge. On June 28, 2007, the trial court sentenced Shepherd to a term of three years in prison. Shepherd appeals from this decision and raises the following assignment of error.
 The verdict of the jury in this case is against the manifest weight of the evidence and must be reversed.
 {¶ 4} Shepherd's sole assignment of error is that the verdict is against the manifest weight of the evidence. *Page 3 
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 514
(citing Black's Law Dictionary (6 Ed.1990) 1594). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. Id. Although the appellate court may act as a thirteenth juror, it should still give due deference to the findings made by the fact-finder.
 The fact-finder * * * occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.
State v. Thompson (1998), 127 Ohio App.3d 511, 529, 713 N.E.2d 456.
 {¶ 5} In this case, defense counsel portrays the series of events as an "ass kicking gone wrong." Appellant's Brief, 9. Shepherd claims that he is not guilty of burglary because there is no evidence that he used force, stealth, or deception to enter the victim's home and that he, in fact, had been invited over by the victim. To commit the offense of burglary as charged, one must "by force, *Page 4 
stealth, or deception * * * trespass in an occupied portion of an occupied structure, when another person * * * is present, with purpose to commit in the structure * * * any criminal offense." R.C. 29112.(A)(1).
 {¶ 6} There was evidence presented at trial that the defendant was told not to come over to the house anymore. Additionally, there was evidence that he was warned that if he did so, a physical altercation would occur. There was further evidence that Shepherd then came to the home, parked next door, entered the home without announcing himself, and proceeded to attack the victim. The victim testified that he did not know Shepherd was there until he was attacked. However, he also testified that he "heard the door fly open" and that it "didn't open slow." Tr. 132. There was additional testimony that Shepherd entered the home through a closed, but unlocked door. Thus, Shepherd could logically have been determined by the jury to have entered the home either stealthily or through force with the intent of assaulting the victim. Given this evidence, this court does not find that the evidence weighs heavily against conviction. Thus, the verdict is not against the manifest weight of the evidence. The assignment of error is overruled. *Page 5 {¶ 7} The judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur. *Page 1